IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GENEVA BPAX VIII, L.L.C., | § | CASE NO. 09-38376-H5-11 |
| | § | (Chapter 11) |
| Debtor. | § | |

### EXPEDITED MOTION OF PMCF HOLDINGS, LLC TO DISMISS CASE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THE MOVANT HAS REQUESTED EXPEDITED RELIEF. THE MOVANT REQUESTS A HEARING ON OR BEFORE DECEMBER 9, 2009 TO PROTECT THE MOVANT'S RIGHT TO CONDUCT A JANUARY FORECLOSURE SALE.**

**To the Honorable Karen K. Brown,
United States Bankruptcy Judge:**

PMCF Holdings, LLC (the "Movant" or "PMCF") files this Motion to Dismiss Case (the "Motion") pursuant to 11 U.S.C. §§ 105 and 1112, and Rules 1017 and 9014 of the Federal Rules of Bankruptcy Procedure.

### SUMMARY OF THE MOTION

1.  Geneva BPAX VIII, LLC (the "Debtor") filed this case on November 2, 2009 on the eve of a foreclosure sale by the Movant of real property in which the Debtor holds a mere 1.56852% undivided interest as a tenant in common based on an unauthorized transfer. The

Debtor has no other assets and no operations to reorganize, and did not even include a creditor matrix with its filing, but checked the box indicating that it had between 1 and 4 creditors. This case was not filed with any reorganizational purpose. Rather, this case was filed merely to stall the efforts of the Movant to exercise its state law lien rights. This case should be dismissed for cause as a bad faith filing as there is no legitimate reason for this case to continue.

## BACKGROUND

2. On May 15, 2007, Geneva Multi-Family Exchange VI, LLC (the "Borrower") entered into a Promissory Note (the "Note"), attached as **Exhibit A**, with Prudential Mortgage Capital Company, LLC. The Note is secured, as evidenced by the Deed of Trust and Security Agreement (the "Deed of Trust"), attached as **Exhibit B**, by the real property and the improvements known as the Beamer Place Apartments located at 1186 Beamer in Houston Texas (the "Property"). The Note and Deed of Trust were subsequently assigned to Movant. *See* **Exhibit C**.

3. The Deed of Trust contains a prohibition against any transfer of the Property without the Movant's consent. Specifically, § 2.1 of the Deed of Trust provides in part:

> 2.1 Events of Default. The occurrence of any of the following events (each an "Event of Default") shall be an Event of Default hereunder:
>
> (f) . . . [A] sale, conveyance . . . or other transfer . . . of the Property.

Deed of Trust § 2.1(f). A default under the Deed of Trust constitutes a default under the Note. Note § 2.05(a).

4. On April 28, 2008, the Borrower executed a Special Warranty Deed (the "Deed") transferring a 1.56852% undivided tenant in common interest to the Debtor. The Deed was recorded on April 30, 2008. This transfer of interest was undertaken without the knowledge or consent of Movant in violation of the Note and Deed of Trust.

5. Movant learned of the transfer to the Debtor when it reviewed a report prepared by a title company in advance of foreclosure scheduled for November 3, 2009. The title report reflected that the Borrower had made at least 23 unauthorized transfers of fractional interests in the Property as reflected in the table below:

| Grantee | Date | Percentage Conveyed |
|---|---|---|
| Geneva BPAX I LLC | 1/24/2008 | 1.06004% |
| Geneva BPAX II LLC | 1/24/2008 | 1.06004% |
| Geneva BPAX III LLC | 1/24/2008 | 3.74572% |
| Geneva BPAX IV LLC | 1/24/2008 | 4.34070% |
| Geneva BPAX V LLC | 2/13/2008 | 2.62201% |
| Geneva BPAX VI LLC | 2/13/2008 | 3.55844% |
| Geneva BPAX VII LLC | 2/14/2008 | 3.72699% |
| Geneva BPAX XII LLC | 4/22/2008 | 3.27751% |
| Geneva BPAX X LLC | 4/22/2008 | 2.80929% |
| Geneva BPAX XI LLC | 4/22/2008 | 4.15313% |
| Geneva BPAX VIII LLC | 4/30/2008 | 1.56852% |
| Geneva BPAX IX LLC | 4/30/2008 | 1.56852% |
| Geneva BPAX XIII LLC | 4/30/2008 | 2.21372% |
| Geneva BPAX XVII LLC | 5/22/2008 | 3.93437% |
| Geneva BPAX XVI LLC | 5/29/2008 | 2.80929% |
| Geneva BPAX XV LLC | 6/2/2008 | 4.10157% |
| Geneva BPAX XVIII LLC | 6/6/2008 | 7.02323% |
| Geneva BPAX XX LLC | 6/11/2008 | 5.61858% |
| Geneva BPAX XXI LLC | 7/3/2008 | 3.51161% |
| Geneva BPAX XXII LLC | 7/21/2008 | 3.85809% |
| Geneva BPAX XXIII LLC | 7/22/2008 | 3.20072% |
| Geneva BPAX XXIV LLC | 8/4/2008 | 2.24743% |
| Geneva BPAX XXV LLC | 9/8/2008 | 2.80929% |
| **Total Ownership Percentage Conveyed** | | **74.81881%** |

6. On November 2, 2009, the Debtor filed a "bare bones" petition with no listing of its twenty largest creditors, no creditor matrix and no schedules. The only pleading filed by the Debtor since the petition date is a motion to hire an attorney.

7. The Debtor indicated on its petition that it is a single asset real estate debtor pursuant to § 101(51B). The Debtor's sole asset appears to be the 1.56852% undivided tenant in common interest in the Property.

8. The Debtor is not a party to any agreement with the Movant. There is no evidence from the sparse filings by the Debtor of the existence of any creditors. The petition had a check in the box indicating that the Debtor had between 1 and 4 creditors. PMCF would be the only known creditor based on its lien against the Property in which the Debtor claims the 1.56852% undivided interest, but PMCF is not a direct creditor of the Debtor. There is no indication of any business operations to reorganize. The only motive for the filing was to stop the Movant's foreclosure sale of the Property.

### ARGUMENTS AND AUTHORITIES

9. Section 1112(b) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et. seq.* (the "Code"), provides:

> …[O]n request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of the creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

10. Section 1112(b)(4) provides a non-exhaustive list of what can constitute "cause," and includes:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> . . .

(M) inability to effectuate substantial consummation of a confirmed plan.

11. The Fifth Circuit has held that "cause" for purposes of § 1112 also includes the bad faith filing of a Chapter 11 petition. *See, e.g., In re Humble Place Joint Venture*, 936 F.2d 814, 816-17 (5th Cir. 1991) (citing *Little Creek Development Co. V. Commonwealth Mortgage Corp. (In re Little Creek)*, 779 F.2d 1068 (5th Cir. 1986). In *Little Creek,* the Fifth Circuit held:

> The requirement of good faith prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshalling and turnover of assets) available only to those debtors and creditors with "clean hands."

779 F.2d at 1072.

12. Generally speaking, courts have found good faith lacking in cases exhibiting a "conglomerate" of the following non-exclusive factors:

(1) the debtor has one asset, such as a tract of undeveloped or developed real property;

(2) the secured creditors' liens encumber this tract;

(3) there are generally no employees except for the principals;

(4) there is little or no cash flow;

(5) there are no available sources of income to sustain a plan of reorganization or to make adequate protection payments;

(6) there are only a few, if any, unsecured creditors whose claims are relatively small;

(7) the debtor and one creditor may have proceeded to a stand-still in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

(8) bankruptcy offers the only possibility of forestalling loss of the property;

(9) there are sometimes allegations of wrongdoing by the debtor or its principals; and

(10)   the case is a "new debtor syndrome" case.

*Id.* at 1072-73.

13.   Based on the foregoing, "cause" clearly exists in this case based on both the debtor's bad faith and the statutory examples of cause given in the Code.

**The Debtor's bad faith filing of its chapter 11 petition is cause for dismissal.**

14.   Nearly all of the indicia of bad faith proscribed by the Fifth Circuit are exhibited in this case.  Based on the Debtor's filings, the Debtor has a single asset—its 1.56852% undivided interest in the Property that was conveyed in violation of the Movant's loan documents.

15.   While the Movant is the holder of the Note and Deed of Trust on the Property, is not a creditor of this Debtor but does have a first priority lien in the Property in which the Debtor claims an ownership interest.  It does not appear that the Debtor has any legitimate third party creditors and, there is certainly no legitimate basis if the Debtor has only 1 to 4 creditors not to have filed a creditor matrix and list of top twenty unsecured creditors with its petition, and yet it did not do so.  It also does not appear that the Debtor has any operations or employees.  No reorganizational purpose is served by this bankruptcy filing.

16.   But for the filing of this case, the Debtor's sole property interest would have been subject to the November 3, 2009 foreclosure sale by the Movant.  As the Debtor's interest in the Property is so insignificant and the Debtor is not a borrower of the Movant, it is impossible to conceive how this bankruptcy filing could be anything other that a delay tactic meant to stall the Movant's attempt to foreclosure its liens in the Property.

17.   "Resort to the protection of the bankruptcy laws is not proper under these circumstances because there is no going concern to preserve, there are no employees to protect, and there is no hope of rehabilitation . . .'" *Little Creek*, 779 F.2d at 1073.  The filing by the

Debtor is an abuse of the bankruptcy process which provides no legitimate benefit to the Debtor. For the reasons set forth above, "cause" exists to dismiss this case to allow Prudential to pursue foreclosure of the Property.

Accordingly, the Movant requests that this Court enter an Order dismissing this case with prejudice as a bad-faith bankruptcy filing.

**Dated: November 10, 2009.**

Respectfully submitted,

**Porter & Hedges, L.L.P.**

/s/ Elizabeth Freeman
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
Elizabeth Freeman
State Bar No. 24009222
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6653
(713) 226-6253 (fax)
**Attorneys for the PMCF Holdings, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by United States first class mail to counsel for the Debtor, William L. Van Fleet, and also by electronic transmission to all registered ECF users appearing in the case on November 10, 2009.

/s/ _Elizabeth Freeman_